IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH A. CURRY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 03-2858C |
| | ) | (Judge Lynn J. Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order issued on April 7, 2008, the parties have conferred and hereby file their joint status report as follows:

The parties have settled the non-driving aspect of the instant case or, if they have not done so, they will continue to seek to achieve such settlements.

On April 11, 2008, defendant filed a Motion for Summary Judgment Regarding Remaining "Driving Time" Claims in Adams v. United States and consolidated cases, Case No. 90-162C. At the present time plaintiffs' response to defendant's motion is due to be filed on May 12, 2008.

On April 28, 2008 plaintiffs in Adams served upon defendant Requests for Admissions and a Request for Production of Documents. Plaintiffs believe that they will require additional time to respond to defendant's motion and will seek an extension of time in Adams.

Plaintiffs believe that the disposition of the remaining issues in Adams regarding home/work driving of the GS-13 criminal investigators and other plaintiffs involved may serve to dispose of the remaining driving issues in the instant case. Plaintiffs are also of the view that an intervening change of controlling legal authority has resulted from the Supreme Court's decisions in Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), which

will result in a ruling in favor of the plaintiffs in Adams on the home/work driving issue. See Intergraph Corporation v. Intel Corporation, 253 F.3d 695, 697-8 (Fed. Cir. 2001).

Accordingly, plaintiffs believe that the instant case should be stayed pending the disposition of the home/work driving issue in Adams.

Defendant believes that there is no reason to await the disposition of the remaining issues in Adams regarding home/work driving, because the previous disposition of the home/work driving issue in that case already provide a basis for disposing of the driving claim in this case. See Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006), cert. denied, 128 S.Ct. 866 (2008). Adjudication of the remaining issues in Adams regarding home/work driving are no more likely to serve to dispose of the remaining driving issues in the instant case than the adjudications that have already occurred in Adams. Defendant also disagrees with plaintiffs' assertion that there has been "an intervening change of controlling legal authority," and notes that one of the two Supreme Court cases cited – IBP, Inc. – was expressly cited and discussed by the Federal Circuit in its opinion in Adams. 471 F.3d at 1325.

Accordingly, defendant believes that the instant case should not be stayed pending the disposition of the remaining home/work driving issues in Adams, unless plaintiffs stipulate that the latter disposition will control the disposition of this case. Absent such a stipulation, defendant believes that the home/work driving claims in this case should be resolved through dispositive motions. Defendant proposes to file a dispositive motion concerning the driving claim on or before June 20, 2008.

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: April 30, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

TODD M. HUGHES
Deputy Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8275
Fax: (202) 305-7643

OF COUNSEL:
Michael J. Dierberg
William Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

Attorneys for Defendant

Dated: April 30, 2008

CERTIFICATE OF FILING

I hereby certify that on the 30th day of April, 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**